IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| DONALD CAMERON o/b/o MALLORY A. CAMERON, | ) ) ) |  |
|---|---|---|
| Plaintiff, | ) ) | Civil Action No. 2:18-cv-860 |
| vs. | ) ) |  |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) ) ) |  |
| Defendant. | ) ) |  |

AMBROSE, Senior District Judge

## OPINION
## and
## ORDER OF COURT

### SYNOPSIS

Pending before the Court are Cross-Motions for Summary Judgment. [ECF Nos. 6, 11]. Both parties have filed Briefs in Support of their Motions. [ECF Nos. 8, 12]. After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment and denying Defendant's Motion for Summary Judgment.

### I. BACKGROUND

Plaintiff, representative payee of his daughter Mallory, a minor, has brought this action on Mallory's behalf for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his request for a waiver of recovery of an overpayment of Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("Act"). In or around November 2005, Mallory was awarded auxiliary benefits when her mother Jodi L. Barone (formerly

Cameron)[1] became entitled to DIB benefits. In or around February 2015, the Social Security Administration ("Administration") advised Plaintiff that Mallory had been overpaid $14,674 as a result of Ms. Barone's return to work at a substantial gainful activity level and failure to report that work activity. [ECF No. 4-2, at 11-13]. Plaintiff filed a request for reconsideration of the determination which the Administration denied on February 14, 2016. Id. at 31-33. Thereafter, Plaintiff filed a request for a hearing before an ALJ and sought a waiver of the overpayment. Id. at 11. ALJ Donald M. Graffius held a hearing on September 29, 2016, at which Mallory was represented by counsel. [ECF No. 4-4, at 147-174]. Plaintiff appeared at the hearing and testified on Mallory's behalf. Id. In a decision dated February 15, 2017, the ALJ found that recovery from Plaintiff of the overpayment from September 2012-June2013 was waived, but that recovery of the remaining overpayment from Plaintiff would not defeat the purpose of Title II or be against equity and good conscience, and, therefore, would not be waived. [ECF No. 4-2, at 11-16].[2] Plaintiff requested review of the ALJ's determination by the Appeals Council, and, on May 22, 2018, the Appeals Council denied Plaintiff's request for review. Id. at 2-4. Having exhausted all of his administrative remedies, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. [ECF Nos. 6 & 11]. The issues are now ripe for my review.

## II. LEGAL ANALYSIS

### A. STANDARD OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in

---

[1] Ms. Barone is the mother of Mallory and the former spouse of Plaintiff, Donald Cameron. [ECF No. 8, at 2].

[2] The ALJ found that recovery of the overpayment from Mallory, the claimant, was waived because she was a minor child during the overpayment period and recovery would defeat the purpose of Title II of the Act. [ECF No. 4-2, at 14-15].

the record to support the Commissioner's decision. Allen v. Bowen, 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. Palmer v. Apfel, 995 F. Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. See 5 U.S.C. § 706.

Title II of the Act requires the Commissioner to seek recovery of any overpayment of benefits made to an individual. 42 U.S.C. § 404(a)(1). An overpayment is the difference between the amount paid to the overpaid individual and the amount of payment to which the individual actually was entitled. 20 C.F.R. § 404.504. The Commissioner, however, will waive recovery of an overpayment of benefits when: (a) the overpaid individual was without fault in connection with the overpayment; and (b) recovery of such overpayment would *either* defeat the purpose of Title II *or* be against equity and good conscience. 42 U.S.C. § 404(b)(1); 20 C.F.R. § 404.506(a). These provisions apply to representative payees as well as individual claimants. See Christian v. Colvin, Civil Action No. 15-861, 2016 WL 826149, at *1 (W.D. Pa. Mar. 3, 2016). The burden of proof is on Plaintiff to establish that a waiver of recovery is applicable. See Osiba v. Colvin, Civil No. 1:12-CV-2338, 2013 WL 6283685, at *1 (M.D. Pa. Dec. 4, 2013).

3

B. **WHETHER SUBSTANTIAL EVIDENCE SUPPORTS THE ALJ'S FINDING THAT RECOVERY OF THE REMAINING OVERPAYMENT FROM PLAINTITFF WOULD NOT BE AGAINST EQUITY AND GOOD CONSCIENCE**

Applying the framework set forth above, the ALJ found that Plaintiff, as the representative payee, was not at fault in causing the overpayment. [ECF No. 4-2, at 13]. He further concluded, however, that recovery of the overpayment from Plaintiff, as representative payee, (1) would not defeat the purpose of Title II of the Act because the recovery would not deprive him of income needed for ordinary and necessary living expenses; and (2) would not be against equity and good conscience. Id. at 14-15. On appeal, Plaintiff argues that the ALJ's "equity and good conscience" analysis was flawed and that a waiver of recovery was warranted.[3] After careful review, I agree.

Recovery of an overpayment is against equity and good conscience if an individual changed his or her position for the worse or relinquished a valuable right because of reliance upon a notice that a payment would be made or because of the overpayment itself; or, was living in a household separate from the overpaid person at the time of overpayment and did not receive the overpayment. 20 C.F.R. § 404.509(a). The individual's financial circumstances are *not* material to a finding of "against equity and good conscience." Id. § 404.509(b).

Below, Plaintiff argued that recovery of the overpayment would be against equity and good conscience because he relinquished his right to child support payments he had been receiving from Mallory's mother. Specifically, Plaintiff's petition for child support was dismissed in March 2009 due to his receipt of the derivative social security benefits on behalf of Mallory and her sister. [ECF No. 4-4, at 127-130]. Upon learning of the overpayment in February 2015, Plaintiff sought

---

[3] Plaintiff does not challenge the ALJ's finding that recovery of the overpayment would not defeat the purposes of Title II of the Act.

and obtained reinstatement of child support for Mallory going forward, but, under the child support laws, was not able to receive any retroactive support payments. Id. at 131-136; see also ECF No. 4-2, at 27-30. The ALJ rejected this argument, finding that the 2009 petition for child support was dismissed well prior to the date that the overpayment occurred and that Plaintiff could have refiled a complaint for additional child support any time subsequent thereto. [ECF No. 4-2 at 15 (citing Ex. 19)]. The ALJ further emphasized that the "taxpayers and trust fund should not bear the expense and loss of these improperly paid funds when a parent and responsible parent has the ability to repay and did not have to spend monthly income and savings while receiving said improper funds." Id.

The ALJ's reasoning is flawed for at least two reasons. First, it is irrelevant that Plaintiff's support petition was dismissed in 2009, before the overpayments began in May 2011. It is undisputed that the reason Plaintiff was denied child support payments was Mallory's receipt of derivative disability benefits. The ALJ further accepted Plaintiff's testimony that he did not know his ex-wife had begun working and, thus, did not learn of the overpayment until the Administration informed him of such. Simply because the disability benefits were legitimate at the time the support application initially was denied does not alter the fact that Plaintiff gave up his right to obtain child support due to his receipt of those disability benefits, and that he would have been entitled to child support during the time of the overpayment had his ex-wife been honest about her work status. There is no reason to fault Plaintiff for failing to reapply for benefits at the time of an overpayment he knew nothing about. Second, the ALJ's denial of the waiver because Plaintiff had the ability to repay and did not have to spend monthly income and savings when receiving the funds inexcusably ignores the plain language of the regulation that an individual's

financial circumstances are *not* material to a finding of "against equity and good conscience."[4]

Because the unequivocal facts show that Plaintiff was not at fault in causing the overpayment and recovery of the remaining overpayment from Plaintiff would be against equity and good conscience under the applicable regulations, the ALJ's decision denying waiver of the overpayment is not supported by substantial evidence and must be reversed.[5] Accordingly, Plaintiff's Motion for Summary Judgment seeking reversal of the Commissioner's decision is granted. On remand, the Commissioner is directed to waive recovery of the remaining overpayment from Plaintiff. An appropriate Order follows.

---

[4] Defendant's brief merely parrots the ALJ's equity and good conscience analysis and does not offer any meaningful response refuting Plaintiff's well-reasoned arguments. [ECF No. 12, at 6-7].

[5] See, e.g., Adams v. Sec'y of Health and Human Servs., 653 F. Supp. 249, 254-55 (C.D. Ill. 1986) (relinquishment of right to obtain child support was detrimental change of position and to require repayment of disability overpayment would be against equity and good conscience); Tefera v. Colvin, 61 F. Supp. 3d 207, 216-17 (D. Mass. 2014) (ALJ erred in considering Plaintiff's ability to repay in equity and good conscience analysis).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD CAMERON o/b/o MALLORY A. CAMERON,<br><br>Plaintiff,<br><br>vs.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | Civil Action No. 2:18-cv-860 |

AMBROSE, Senior District Judge

**ORDER OF COURT**

AND NOW, this 4th day of June, 2019, after careful consideration of the submissions of the parties and for the reasons set forth in the Opinion accompanying this Order, it is ordered that Plaintiff's Motion for Summary Judgment [ECF No. 6] is GRANTED and Defendant's Motion for Summary Judgment [ECF No. 11] is DENIED. It is further ordered that the decision of the Commissioner is reversed and that the Commissioner is directed to waive recovery of the remaining overpayment at issue.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
U.S. Senior District Judge